UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JENNIFER VAN DALSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 4:23-CV-015-PPS-JEM |
| ) | |
| CARRIE COSTELLO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This case relates to the profoundly sad death of an individual named Alexander Van Dalsen. His mother, Jennifer Van Dalsen, filed a *pro se* complaint alleging deprivation of her civil rights, in violation of 42 U.S.C. § 1983, based on the failure of local law enforcement to investigate the death of her child. [DE 1.] I dismissed her initial complaint for failure to state a claim and granted her leave to file an amended complaint. [DE 25.] Her amended complaint asserted claims against several new defendants who work for the Tippecanoe County Coroner, Tippecanoe County Sheriff's Office, and the Lafayette Police Department, who investigated her son's death and determined the manner of death was suicide rather than homicide. [DE 26.]

After carefully reviewing her claims, I determined that Van Dalsen failed to assert facts that made out a plausible violation of her constitutional rights. And even if she had, it was clear that the defendants would be entitled to qualified immunity, because any such right was not clearly established at the time of the alleged violations. [DE 51; *see* DE 37; DE 41; DE 43.] Because it appeared that Van Dalsen would be unable

to address these significant deficiencies with another round of pleading, further leave to amend was futile and therefore I dismissed her complaint with prejudice. *Id.* at 12–13.

Van Dalsen has filed a motion requesting that I reconsider my prior ruling. [DE 53.] Strictly speaking, there is no such thing as a 'motion for reconsideration' under the Federal Rules of Civil Procedure. *Hope v. United States*, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). *See also Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001). In practice, the Seventh Circuit has explained that such a motion "performs a valuable, but limited, function: 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Range v. Brubaker*, 2009 WL 102430, at *1 (N.D. Ind. Jan. 13, 2009) (quoting *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996)). *See also, e.g., Miller v. City of Plymouth*, 2010 WL 2194842, at *1 (N.D. Ind. May 27, 2010).

A motion to reconsider is appropriate where: "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law since the submission of the issues to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court." *Janky v. Batistatos*, 2009 WL 10692471, at *1 (N.D. Ind. Aug. 24, 2009) (quoting *Orange v. Burge*, 451 F. Supp. 2d 957, 961 (N.D. Ill. 2006)). *See also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). By contrast, a motion of this variety is "not

2

intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." *First Nat'l Bank in Manitowoc v. Cincinnati Ins. Co.*, 321 F. Supp. 2d 988, 992 (E.D. Wis. 2004). The circuit has stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

*Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). *See also Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); *Divane v. Krull Elec. Co.*, 194 F.3d 845, 850 (7th Cir. 1999); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). "Disposition of a motion for reconsideration is left to the discretion of the district court, and its ruling will not be reversed absent an abuse of that discretion." *CBI Indus., Inc.*, 90 F.3d at 1270 (citing *Billups v. Methodist Hosp.*, 922 F.2d 1300, 1305 (7th Cir. 1991)). *See also Ahmed v. Ashcroft*, 388 F.3d 247, 250 (7th Cir. 2004) (noting that "review of the denial of a motion to reconsider is highly deferential").

Van Dalsen raises a few arguments in her motion, but none warrant reconsideration of my ruling under the foregoing standard. First, she asserts that she "has received additional information" (it's not clear when or from what source) suggesting that officers were "sent to a witness's house to make clear how important it was for them to not speak to [Ms. Van Dalsen] or anyone associated with [her] and give any details of what they saw or heard." [DE 53 at 1.] There is no reason to believe this is new information that was unavailable at the time Van Dalsen filed her amended

3

complaint. At this late stage, it strikes me as little more than an attempt to contort the underlying factual circumstances to meet what is plainly a very high bar to make out a claim based on a denial of the fundamental right to judicial access. Moreover, even if this information was not available to Van Dalsen when she filed her amended complaint, it does nothing to change the fact that the right she appears to assert in this case (*i.e.*, the right to have state officials conduct an investigation into her son's death more to her liking) is not protected by the Constitution. And to the extent it was, there is no authority suggesting that she, as a third party not directly harmed by the alleged failings in her son's death investigation, may assert it in her personal capacity (*i.e.*, as opposed to her son's estate). [*See* DE 51 at 11–12.]

Next, Van Dalsen asserts that Dr. Darin Wolfe served as a pathologist for Tippecanoe County. [DE 53 at 2.] This argument addresses my confusion in reviewing the amended complaint, which listed Dr. Wolfe as a defendant but did not allege that he had any role with the County – just that he "would have agreed to the lack of [a] complete autopsy." [*See* DE 51 at 6.] I noted that the absence of any allegation that Dr. Wolfe took action under color of state law was fatal to Van Dalsen's claims under 42 U.S.C. § 1983. *Id.* at 8 n.2. But, ultimately, I assumed that Dr. Wolfe took action under state law and explained in the balance of the decision how the claim against him "would fail for . . . independent reasons," including Van Dalsen's inability to plead the violation of a right secured by the Constitution and his entitlement to qualified immunity. *Id.*; *see id.* at 8–12.

4

Finally, Van Dalsen appears to attempt to supplement her complaint with additional factual details about the actions of defendants Daniel Long and Megan Keafer. [DE 53 at 2.] These arguments do not address my finding that the amended complaint fails to adequately allege a deprivation of Ms. Van Dalsen's constitutional rights (as opposed to those of her son) and that the defendants would be immune from damages for any such constitutional deprivation under the doctrine of qualified immunity. I can therefore set them aside.

**ACCORDINGLY:**

For the foregoing reasons, Plaintiff Jennifer Van Dalsen's Motion for Reconsideration [DE 53] is **DENIED**.

**SO ORDERED**.

ENTERED: August 19, 2024.

                                      /s/ Philip P. Simon
                                      PHILIP P. SIMON, JUDGE
                                      UNITED STATES DISTRICT COURT